# In the United States Court of Federal Claims

No. 19-256

(Filed: January 27, 2020)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
ROBERT F. SCHALLMO, et al.,                     *
                                                *
            Plaintiff,                          *
                                                *
       v.                                       *
                                                *
THE UNITED STATES,                              *
                                                *
            Defendant.                          *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss this action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons stated below, Defendant's motion is **GRANTED**.

### Background[1]

Plaintiffs pro se Robert F. Schallmo and Bernadette L. Alabiso-Schallmo are residents of Massachusetts. Compl. ¶ 2. Plaintiffs failed to timely pay their taxes for tax years 2001, 2003-2006, 2010, and 2011. See Def.'s Ex. B, C. Plaintiffs' failure to pay their taxes for these years resulted in authorities placing federal tax liens on their property. Id. However, the Internal Revenue Service ("IRS") eventually removed Plaintiffs' tax liability and associated tax liens for tax years 2001 and 2003-2006. Def.'s Ex. B at 008, 014, 017; see 26 U.S.C. § 6502. In their tax return for tax year 2010, submitted April 19, 2014, Plaintiffs claimed an overpayment of $4,491 based upon the application of tax credits and requested a refund. Def.'s Ex. D at 043. Plaintiffs have an outstanding tax liability of $23,433.87 for tax year 2011. Def.'s Ex. C at 039. In 2013 and 2015, the IRS determined that Plaintiffs were in hardship status, and that their unpaid taxes were not collectable. Def.'s Ex. C at 024, 037.

---

[1] This background is derived from Plaintiffs' complaint and exhibits, and the exhibits to Defendant's motion to dismiss.

On January 9, 2018, Plaintiffs filed a petition with the United States Tax Court in Washington, DC, claiming that they had not received notices of deficiency or notices of determination regarding collection actions for tax years 1979-2016. Def.'s Ex. A at 002. On March 27, 2018, the Tax Court dismissed the petition for lack of jurisdiction on the grounds that (1) there was no indication that the IRS issued a notice of deficiency or notice of determination to Ms. Alabiso-Schallmo for tax years 1979-2016, nor to Mr. Schallmo for tax years 1979-85, 1987-2003, 2007-09, or 2012-16, (2) there was no evidence that the IRS issued notices of determination to Mr. Schallmo for tax years 1986, 2004-06, 2010, or 2011, and (3) Mr. Schallmo did not file his petition with the Tax Court as prescribed by Internal Revenue Code ("I.R.C.") § 6213(a). Compl. Ex. A at 2-3. Plaintiffs did not object to the dismissal. Id. at 2.

On February 8, 2019, Plaintiffs filed the instant action in this Court. It appears that Plaintiffs are arguing that the Tax Court's determination that it had no jurisdiction over Plaintiffs' petition requires the conclusion that the IRS had no authority to place federal tax liens on Plaintiffs' property for unpaid taxes or to carry out levies for tax years 2001, 2003-2006, 2010, and 2011.[2] Compl. ¶¶ 1, 3; Compl. Ex. A, B. Plaintiffs appear to seek a refund for taxes levied and liens placed for years 2001, 2003-06, 2010, and 2011, and damages in the amount of $249,879.14 stemming from the impact of tax liens on Plaintiffs' property. Compl. ¶ 4.

Defendant filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss 1. Defendant argues that this Court lacks jurisdiction to hear Plaintiffs' claims because (1) Plaintiffs cannot show that they have filed administrative claims for refund or fully paid their tax liability for the tax years at issue, (2) any refund claim for tax year 2010 is barred by I.R.C. § 6511, and (3) Plaintiffs' other claims lie outside this Court's jurisdiction. Id.

## Discussion

Plaintiffs have the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true and will construe the complaint in a manner most favorable to the plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

---

2   The Court has seen a recent rise in similar actions. See Jackson v. United States, 143 Fed. Cl. 242, 245 n.2 (Fed. Cl. May 16, 2019) (observing that the Court has received eleven claims since November 2018, which similarly allege the IRS lacks authority to collect plaintiffs' income taxes); Pekrul v. United States, 144 Fed. Cl. 522, 523 (2019).

2

This Court has jurisdiction over suits for the refund of taxes remitted to the Treasury if the plaintiff satisfies certain requirements. 28 U.S.C. §§ 1346(a)(1), 1491; Ont. Power Generation v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); Shore v. United States, 9 F.3d 1524, 1525 (Fed. Cir. 1993). To establish the Court's jurisdiction a plaintiff seeking a tax refund must (1) fully pay any tax deficiency, (2) file an administrative refund request within the later of "3 years from the time the return was filed or 2 years from the time the tax was paid," and (3) include in his complaint a copy of the refund claim and provide the "date and place the claim for refund was filed." I.R.C. § 7422(a); I.R.C. § 6511(a); RCFC 9(m); see Flora v. United States, 357 U.S. 63, 68 (1958). If these requirements are not met, this Court lacks jurisdiction. Jackson v. United States, 143 Fed. Cl. 242, 247 (Fed. Cl. May 16, 2019); United States v. Dalm, 494 U.S. 596, 602 (1990).

Plaintiffs have not satisfied the requirements to establish jurisdiction. First, for each of tax years 2001, 2003-2006, and 2011, Plaintiffs have failed to file administrative refund requests. Second, for the tax years 2004-2006 and 2011, Plaintiffs have not fully satisfied their tax deficiencies. For tax years 2001 and 2003, Plaintiffs' tax liability was paid via levies collected by the IRS through 2013. Def.'s Ex. B at 006-11. For the tax year 2004, the IRS collected a portion of what Plaintiffs owed via levy and wrote off the remaining balance. Id. at 012-14. Plaintiffs filed no tax returns for tax years 2005, 2006, and 2011, and the IRS did not recover any payments via levy. See Def.'s Ex. B at 015-17; Def.'s Ex. C at 023-26, 036-38. The IRS wrote off Plaintiffs' outstanding obligations for tax years 2005 and 2006. See Def.'s Ex. B at 017; Def.'s Ex. C at 025. Plaintiffs have a tax liability of $23,433.87 outstanding for tax year 2011. See Def.'s Ex. C at 039.

Third, to the extent Plaintiffs seek a refund for tax year 2010, their claim is barred by the lookback provision of I.R.C. § 6511, which limits the amount of a taxpayer's refund claim to "the tax paid within the [three-year] period, immediately preceding the filing of the claim[.]" I.R.C. § 6511(b)(2)(A). Plaintiffs filed their 2010 tax return and refund claim on April 19, 2014, which the IRS received on April 24, 2014. Def.'s Ex. D at 042-43. Plaintiffs' 2010 tax liability was "paid" via three credits in the amounts of $400, $400, and $3,797, each of which the IRS deemed paid on April 15, 2011. Def.'s Ex. C at 029, 031. Because the IRS properly deemed these credits "paid" more than three years before Plaintiffs filed their refund claim, Plaintiffs cannot recover under I.R.C. § 6511. See Boeri v. United States, 724 F.3d 1367, 1370 (Fed. Cir. 2013).

Finally, to the extent Plaintiffs seek damages resulting from an unauthorized collection action, or for failure to release a lien, such claims are reserved exclusively for the District Court. I.R.C. §§ 7432(a), 7433(a); see Ledford, 297 F.3d at 1382 (finding that the Court of Federal Claims lacks jurisdiction over "a claim seeking damages flowing from the allegedly unlawful collection activities of the IRS" under 26 U.S.C. § 7433(a) as only a district court of the United States may hear such claims). Further, this Court lacks jurisdiction over a challenge to the imposition of a tax lien. I.R.C. §§ 7426(a)(1); Zolman v. United States, No. 17-1901T, 2018 WL 1664690, at *1-2 (Fed. Cl. Apr. 6, 2018).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*/s/ Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**